**In the Matter of Ronald J. HUTTERER, Nancy J. Hutterer, Debtors.**

**Louis L. CROY, Trustee, Plaintiff,**

**v.**

**KROHN DAIRY PRODUCTS, INC., Defendant.**

Bankruptcy No. 83–03606.

Adv. No. 84–0030.

United States Bankruptcy Court, E.D. Wisconsin.

Sept. 26, 1985.

Louis L. Croy, Manitowoc, Wis., Trustee.

James R. Sickel, Hinkfuss, Sickel, Calewarts & Petitjean, Green Bay, Wis., for Krohn Dairy Products, Inc.

C.N. CLEVERT, Bankruptcy Judge.

The issue in this case is whether the trustee may recover setoffs totaling $3,500 by Krohn Dairy Products, Inc. (Krohn)

against the milk checks due the debtor, Ronald J. Hutterer (Hutterer).

Hutterer, a dairy farmer, sold milk to Krohn on a daily basis. Hutterer's account was then credited based on the amount of milk delivered. At the end of the month, Krohn would issue a milk check to Hutterer for the entire month's delivery. In 1982, Krohn began loaning money to Hutterer. In order to satisfy these loans, Krohn would setoff the amount due against Hutterer's milk checks.

On June 1, 1983, Hutterer borrowed $5,000 from Krohn to purchase dairy cows. Thereafter, Krohn setoff $500 on July 20, 1983, $500 on August 20, 1983, and $2,500 on September 20, 1983, as repayment of the $5,000 loan.

On September 27, 1983, Hutterer filed his petition under Chapter 7 of the United States Bankruptcy Code and Louis L. Croy was thereafter appointed trustee. On January 20, 1984, Croy filed this adversary proceeding seeking to recover, as preferential payments, the setoffs that Krohn made against Hutterer's milk checks between July 20, 1983, and September 20, 1983, pursuant to §§ 547(b)[1] and 553(b)[2] of the Bankruptcy Code. This case is now before the court for decision based on the trustee's motion for summary judgment.

## DISCUSSION

After a careful review of the record, the court finds that all elements of the preferential transfer are met.[3] Thus, the transfers may be avoided unless they come within one of the exceptions of 11 U.S.C. § 547(c). Krohn claims that the $5,000 loan to Hutterer was incurred in the ordinary course of business and that the payments on the loan may not be avoided pursuant to § 547(c)(2) of the Bankruptcy Code. This section provides that:

> The trustee may not avoid under this section a transfer—
>
> (2) to the extent that such transfer was—
>
> (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
>
> (B) made not later than 45 days after such debt was incurred;
>
> (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>
> (D) made according to ordinary business terms ...[4]

The purpose of this section, as stated by Bankruptcy Judge George C. Paine, II in

---

**1.** (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made—
 (A) on or within 90 days before the date of the filing of the petition; or
 (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;
 (5) that enables such creditor to receive more than such creditor would receive if—
 (A) the case were a case under chapter 7 of this title;
 (B) the transfer had not been made; and
 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**2.** (b)(1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 365(h)(2) or 365(i)(2), of this title, if a creditor offsets a mutual debt owing to the debtor

against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—
 (A) 90 days before the date of the filing of the petition; and
 (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency
 (2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

**3.** *See supra* note 1.

**4.** The 45 day time limitation stated in subsection (c)(2)(B) was deleted from the statute by the Bankruptcy Amendment and Federal Judgeship Act of 1984, effective October 8, 1984, although it remains applicable to this and other cases filed prior to the effective date of the amendment.

*Waldschmidt v. Ranier (In re Fulghum Construction Corp.)*, 45 B.R. 112, 116 (Bankr.M.D.Tenn.1984), is to "protec[t] ordinary trade credit transactions which are kept current, it was not intended to include transactions outside the normal course of either the debtor's or its creditors' business." *See also, Cohen v. Kern (In the Matter of Kennesaw Mint, Inc.)*, 32 B.R. 799, 804 (Bankr.N.D.Ga.1983).

The parties are in sharp disagreement as to whether the purchase of cows by Hutterer was in the ordinary course of his dairy farming business. The trustee argues that a herd of cattle is acquired at the beginning of a farming operation as a capital asset and that subsequent purchases are extremely rare because the farmer endeavors to replenish his herd by breeding his cattle. Krohn expresses the opposite view and submits that a debt incurred by a dairy farmer for the purchase of dairy cows is clearly incurred in the ordinary course of that dairy farmer's business.

Whether or not either party is correct on that point is of little consequence in this case because all of the payments on Hutterer's loan were made more than 45 days after the debt was incurred. This finding is substantiated in part by Krohn's answer as well as by the affidavit of Jean Doell, Krohn's secretary, who acknowledged that the dairy loaned Hutterer $5,000 on June 1, 1983, to purchase dairy cows. It follows that the setoffs taken by Krohn on July 20, August 20, and September 20, 1983, were beyond the 45 days contemplated by § 547(c)(2)(B) of the Bankruptcy Code. Hence, the court must conclude that Krohn may not avoid recovery of its preference by the trustee.[5]

IT is therefore the order of this court that judgment be entered against Krohn Dairy Products, Inc. in favor of the trustee in the sum of $3,500.

---

**5.** It also appears that Krohn does not satisfy the preference recovery exception provided by § 547(c)(2) because the Hutterer loan was to be repaid in such amounts as Krohn unilaterally determined to setoff against Hutterer's milk check. Hence, it appears that Krohn is incapable of showing that the Hutterer loan was made on ordinary business terms so as to satisfy the requirements of subsection (d) of the statute.